# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON LEE BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-82-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Jason Lee Barrett requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or his impairment is not medically severe, disability benefits are denied. If he does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on January 29, 1976, and was thirty-six years old at the administrative hearing (Tr. 33). He completed ninth grade and has worked as an inventory auditor, cashier, cook, delivery driver, laborer, and stocker (Tr. 62, 189). The claimant alleges he has been unable to work since March 16, 2011 due to learning problems, right knee, head, ruptured disc, mental problems, left shoulder, neck problems, left leg pain, depression, arthritis, and surgery on L4-L5 (Tr. 160).

## Procedural History

On June 6, 2011, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Doug Gabbard, II conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated December 14, 2012 (Tr. 10-20). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had residual functional capacity ("RFC") to perform a full range of medium work as defined in 20 C.F.R. § 416.967(c) (Tr. 14), and concluded that the claimant was not disabled because he could return to his past relevant work of pizza deliverer (Tr. 18).

## Review

The claimant contends that the ALJ erred at step four of the sequential analysis by: (i) improperly identifying his pizza delivery job as past relevant work; and (ii) improperly

delegating analysis of the physical and mental demands of his past work to the vocational expert ("VE"). Both contentions lack merit and the decision of the Commissioner must therefore be affirmed.

At the administrative hearing, the ALJ asked the claimant questions about the jobs he performed during the past fifteen years, including the number of hours he worked per week and the gross pay he earned from each job (Tr. 63-69), and then turned to the VE to classify such work (Tr. 83). The VE indicated that the pizza delivery job was medium work, DOT code 299.477-010, unskilled SVP 2. The ALJ then posed hypotheticals to the VE, including a person of the claimant's age, education, and work history capable of the full range of medium work. The VE indicated that such a person could perform the pizza delivery job as generally performed (Tr. 83). The ALJ adopted this finding in his written opinion, noting that "in comparing the claimant's residual functional capacity with the physical and mental demands of his past relevant work, the undersigned finds that the claimant is able to return to past work as generally performed per the vocational expert's testimony" (Tr. 19).

Step four of the sequential analysis is comprised of three distinct phases. The ALJ must first establish the claimant's RFC, determine the demands of his past work (both physical and mental), and determine whether his RFC enables him to meet such demands. *See, e.g., Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir.1996) [citations omitted]. At each phase, the ALJ must make specific factual findings, and although the ALJ may rely on information provided by a VE, "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past

relevant work," *id.* at 1025. There is no dispute here about the first phase of the analysis, *i. e.,* the claimant does not contend that the ALJ failed to properly determine his RFC. Rather, the claimant contends that the ALJ erred in the second phase, *i. e.*, that the ALJ improperly determined that the claimant had any past relevant work, and also improperly delegated the duty to determine the demands of such work to the VE.

Past relevant work is work that occurred within the past 15 years, was of sufficient duration to allow the worker to learn how to perform the job, and was substantial gainful employment. *Jozetowicz v. Heckler*, 811 F.2d 1352, 1355 (10th Cir. 1987), *citing* 20 C.F.R. § 416.965. The ALJ found that the claimant worked as a pizza deliverer in 2010, thus satisfying the recency requirement, and that he worked at that job for one month, thus satisfying the duration requirement because of the job's SVP rating of 2 (Tr. 19). The ALJ also found that the earnings requirement was satisfied because the claimant reported earnings of $1,340 for the month (Tr. 67, 19). The Court finds no error in the ALJ's conclusion that the claimant's pizza delivery job qualified as past relevant work.

Nor did the ALJ err in determining the demands of such past relevant work. The ALJ solicited testimony from the VE about such demands as that job is generally performed. *See, e. g., Sheppard v. Astrue*, 426 Fed. Appx. 608, 610 (10th Cir. 2011) (in assessing the evidence "the ALJ may also consider the general information about [the claimant's] work activity that is described in [20 C.F.R. § 416.973(a)-(c), (e) (*i. e.*, the nature of his work, how well he performs his work, if he performs his work under special conditions, and the time spent in work).") [unpublished opinion]. This made any further inquiry into the actual demands of the jobs unnecessary. *See, e.g., Andrade v. Secretary*

*of Health & Human Services,* 985 F.2d 1045, 1050 (10th Cir. 1993) (noting the ALJ shall consider "the claimant's ability to perform either ... '[t]he actual functional demands and job duties of a particular past relevant job; or ... [t]he functional demands and job duties ... as generally required by employers throughout the national economy.' "), *quoting* Soc. Sec. Rul. 82–61, 1982 WL 31387, at *1. *See also Wise v. Barnhart,* 42 Fed. Appx. 331, 333 (10th Cir.2002) ("[T]he issue is not whether claimant can return to h[is] actual past job, but to the type of work s[he] performed in the past.") [unpublished opinion], *citing Andrade,* 985 F.2d at 1051. Further, although the ALJ clearly did rely on the testimony of the VE in reaching the conclusion that the claimant could return to his past relevant work, he made his own phase-three findings in the written opinion (Tr. 19) and thus did not improperly delegate any duty to the VE. *See Doyal v. Barnhart,* 331 F.3d 758, 761 (10th Cir.2003), *quoting Winfrey,* 92 F.3d at 1025 ("An 'ALJ may rely on information supplied by the VE at step four.' The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis."). Thus, the ALJ's analysis of the claimant's past relevant work satisfied the requirements set forth in *Winfrey. See generally Westbrook v. Massanari,* 26 Fed. Appx. 897, 903 (10th Cir.2002) (finding that remand under *Winfrey* is appropriate only when the record is "devoid of even any mention of the demands of past relevant work[.]") [unpublished opinion].

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. The

decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 30th day of March, 2015.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**